IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL JOHNSON, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:11-CR-0255-TWT-RGV-9 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:19-CV-5307-TWT-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Michael Johnson's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 837]. For the reasons that follow, it is **RECOMMENDED** that Johnson's § 2255 motion be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)")[1] because it is impermissibly successive.

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

## I.  PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a fifteen-count second superseding indictment against Johnson and eight co-defendants, charging Johnson in Count One with conspiring to interfere with interstate commerce by taking personal property in the custody and control of armored car couriers by means of actual and threatened force, violence, and fear of injury, in violation of 18 U.S.C. § 1951; in Counts Four, Eight, and Ten with unlawfully interfering with interstate commerce by robbery, in violation of § 1951; and in Counts Five, Nine, and Eleven with possession and use of a firearm during the commission of the charged violent crimes, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  [Doc. 312].  After Johnson entered a negotiated guilty plea to Counts Four, Ten, and Eleven, the Court imposed a total sentence of 180 months of imprisonment.  [Docs. 638; 686; 773; 774].

In June of 2016, Johnson filed a pro se § 2255 motion, [Doc. 754], which the Court denied, [Doc. 779].  Johnson submitted this second § 2255 motion on November 14, 2019, arguing that recent case law renders his conviction and sentence on Count Eleven invalid.  [Doc. 837 at 4-5, 7-8, 12-36].

## II.  DISCUSSION

Because Johnson filed a prior § 2255 motion that was denied, [Docs. 754; 779], this Court may consider the instant motion only if Johnson has first obtained authorization from the Eleventh Circuit to file it.  See 28 U.S.C. § 2255(h) & § 2244(b)(3)(A).  There is no indication in the record that Johnson has obtained such authorization.[2]  Accordingly, the Court lacks jurisdiction to consider this second § 2255 motion.  See Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010) (per curiam) (holding that "district court lacked jurisdiction to entertain . . . second motion to vacate" because movant had not obtained "permission from [the Eleventh Circuit] to file a successive motion").

## III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States

---

[2] Although Johnson initially sent this second § 2255 motion to the Eleventh Circuit, [Doc. 837-1], he did not seek leave from that Court to file a second or successive § 2255 motion, which he must do before this Court has jurisdiction to consider his claims.

District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Johnson's § 2255 motion as impermissibly successive is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

### IV. CONCLUSION

For the reasons stated, **IT IS HEREBY RECOMMENDED** that Johnson's § 2255 motion, [Doc. 837], be **DISMISSED** pursuant to Rule 4(b) as impermissibly successive and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to

---

the Magistrate Judge.

**SO RECOMMENDED**, this 4th day of December, 2019.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE